**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**
**2016 MSPB 26**

Docket No. AT-0353-16-0120-I-1

**Dannice E. Clark,**

**Appellant,**

**v.**

**United States Postal Service,**

**Agency.**

July 12, 2016

Lorenzo Cobb, Esquire, Sugarhill, Georgia, for the appellant.

Earl L. Cotton, Esquire, and Kristen Walsh, Esquire, Atlanta, Georgia, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## OPINION AND ORDER

¶1      The appellant petitions for review of an initial decision that dismissed her restoration appeal for lack of Board jurisdiction.  For the reasons set forth below, we DENY the petition for review.  Except as expressly MODIFIED by this Opinion and Order to apply the proper jurisdictional burden in restoration appeals filed after March 30, 2015, we AFFIRM the initial decision.

## BACKGROUND

¶2     The appellant is a Distribution Clerk for the U.S. Postal Service. Initial Appeal File (IAF), Tab 1 at 2. She filed the instant appeal, alleging that the agency improperly denied her restoration for a period of several months. *Id*. at 3.

¶3     Following the appellant's initial pleading, the administrative judge issued two orders. The first was an acknowledgment order, providing general information, such as the procedures for engaging in discovery. IAF, Tab 2. The second provided the jurisdictional burdens of proof for restoration claims and directed the appellant to file argument and evidence to meet her jurisdictional burden. IAF, Tab 3. After the appellant failed to respond within the allotted time, the administrative judge dismissed the appeal for lack of jurisdiction, without holding the requested hearing. IAF, Tab 1 at 2, Tab 5, Initial Decision (ID). The appellant has filed a petition for review.[1] Petition for Review (PFR) File, Tab 1. The agency has filed a response. PFR File, Tab 3.

---

[1] The appellant attached a response to the administrative judge's jurisdictional order to her petition for review, Petition for Review (PFR) File, Tab 1 at 17-25, with documentation pertaining to her requested restoration, *id*. at 10-16, 25-84. She claims that she attempted to submit these materials below, after the record on jurisdiction closed and the initial decision was issued. PFR File, Tab 1 at 3; IAF, Tab 3 at 9; ID. The record reflects that the regional office rejected submissions from the appellant received on December 28, 2015. IAF, Tab 7. The initial decision already had been issued on December 17, 2015. IAF, Tab 6. Because there was no showing that the arguments and evidence contained in these submissions were previously unavailable, we will not consider them. *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980) (explaining that the Board generally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence); *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980) (finding that, under 5 C.F.R. § 1201.115, the Board will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence).

ANALYSIS

The appellant's pro forma allegations failed to satisfy her jurisdictional burden.

¶4        The appellant suggests that she did meet her jurisdictional burden, despite failing to respond to the administrative judge's jurisdictional order below. PFR File, Tab 1 at 6–7.  We disagree.

¶5        The Board has jurisdiction to review whether an agency's denial of restoration to a partially recovered employee was arbitrary and capricious. *Bledsoe v. Merit Systems Protection Board*, 659 F.3d 1097, 1103–04 (Fed. Cir. 2011); 5 C.F.R. § 353.304(c).  To establish jurisdiction and obtain a hearing on the merits, an appellant is required to make nonfrivolous allegations that: (1) she was absent from her position due to a compensable injury; (2) she recovered sufficiently to return to duty on a part-time basis, or to return to work in a position with less demanding physical requirements than those previously required of her; (3) the agency denied her request for restoration; and (4) the agency's denial was arbitrary and capricious.  *Kingsley v. U.S. Postal Service*, 123 M.S.P.R. 365, ¶ 11 (2016); 5 C.F.R. § 1201.57(a)(4), (b).[2]  An agency's failure to adhere to its substantive restoration obligations under the Office of

---

[2] Until recently, an appellant alleging a denial of restoration was required to prove Board jurisdiction by preponderant evidence.  *Bledsoe*, 659 F.3d at 1102, 1103‑04 (citing *Garcia v. Department of Homeland Security*, 437 F.3d 1322, 1330, 1335–37, 1340, 1344 (Fed. Cir. 2006) (en banc)); *Latham v. U.S. Postal Service*, 117 M.S.P.R. 400, ¶ 10 (2012).  However, the Board issued a new regulation effective March 30, 2015, that adopted a nonfrivolous allegation standard for restoration appeals. *Kingsley*, 123 M.S.P.R. 365, ¶ 10.  Because the appellant filed her Board appeal after the effective date of that new regulation, she only was required to make nonfrivolous allegations of jurisdiction to obtain a hearing on the merits.  5 C.F.R. § 1201.57(a)(4), (b); IAF, Tab 1.  Below, the administrative judge incorrectly indicated that nonfrivolous allegations would only entitle the appellant to a hearing on jurisdiction.  IAF, Tab 3 at 2; ID at 2.  Although we modify the initial decision to correct the statement of the jurisdictional standard, the administrative judge's error was harmless because he properly determined that the appellant failed to present nonfrivolous allegations of jurisdiction.  *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (recognizing that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

Personnel Management's regulations at 5 C.F.R. § 353.301(d), including any restoration obligations it has voluntarily adopted, is per se "arbitrary and capricious." *Latham v. U.S. Postal Service*, 117 M.S.P.R. 400, ¶ 16 (2012).

¶6    By regulation, the Board has defined a nonfrivolous allegation as "an assertion that, if proven, could establish the matter at issue." 5 C.F.R. § 1201.4(s). The regulation further provides, "An allegation generally will be considered nonfrivolous when, under oath or penalty of perjury, an individual makes an allegation that: (1) Is more than conclusory; (2) Is plausible on its face; and (3) Is material to the legal issues in the appeal." *Id*. Pro forma allegations are insufficient to meet the nonfrivolous standard. *Lara v. Department of Homeland Security*, 101 M.S.P.R. 190, ¶ 7 (2006).

¶7    The Board has distinguished between nonfrivolous and pro forma allegations in other contexts that are illustrative for restoration appeals. For example, in the context of an alleged constructive demotion, the Board has found that a conclusory allegation that an appellant was entitled to promotion to her upgraded position was pro forma in the absence of supportive facts or legal argument. *Fleming v. Department of Labor*, 97 M.S.P.R. 341, ¶¶ 15–16 (2004). For claims of marital status or partisan political discrimination in a termination during a probationary or trial period case, the Board has indicated that allegations must be more than conjecture and that an appellant must provide supporting facts to show the allegations are not merely pro forma. *Smirne v. Department of the Army*, 115 M.S.P.R. 51, ¶ 8 (2010). Similarly, the U.S. Court of Appeals for the Federal Circuit has held that an allegation of marital status discrimination must be supported by factual assertions and that merely conclusory pleadings are insufficient. *Stokes v. Federal Aviation Administration*, 761 F.2d 682, 686 (Fed. Cir. 1985). Finally, in the context of whistleblowing, the Board has found that an appellant must make specific and detailed allegations; vague, conclusory, unsupported, and pro forma allegations of alleged wrongdoing do not meet the nonfrivolous pleading standard. *El v. Department of Commerce*,

123 M.S.P.R. 76, ¶ 6 (2015); *Linder v. Department of Justice*, 122 M.S.P.R. 14, ¶ 14 (2014).

¶8    Based upon the Board's regulatory definition of a nonfrivolous allegation and Board precedent in other contexts, we clarify the distinction between nonfrivolous and pro forma allegations for restoration cases:    To present nonfrivolous allegations and satisfy the jurisdictional burden in a restoration appeal, an appellant must present material and plausible assertions of fact that, if true, could establish that the agency breached its substantive restoration obligations, including any restoration obligations that it voluntarily adopted.  A vague, conclusory, or unsupported allegation, such as one that essentially repeats the legal standard, without more, is pro forma and insufficient.

¶9    Because the appellant failed to respond to the jurisdictional order, the totality of her allegations were contained in her initial pleading.  IAF, Tab 1. Concerning the first jurisdictional element, that pleading did not indicate what her injury was, but it described the injury as work-related and resulting in her being "out on" an Office of Workers' Compensation Programs (OWCP) related absence, which, if true, would indicate that the absence was due to a compensable injury.  *Id*. at 3, 5.  For the second jurisdictional element, her pleading summarily alleged that she was "partially rehabilitated" and had been "released by [a] doctor to return to work."  *Id*.  Though not further explained, a grievance form included in her pleading references "light/limited duty."  *Id*. at 5.  Concerning the third element, the appellant's pleading alleged that she returned to work on April 13, 2015, but, after a few hours, the agency informed her that her limitations could not be accommodated at that time.  *Id*.  She reportedly remained off work through August 17, 2015.  *Id*. at 3, 5.

¶10    Even if we were to find that the aforementioned allegations satisfied the nonfrivolous standard regarding the first three elements of the appellant's jurisdictional burden, she failed to present any allegations that could satisfy the fourth element—that the denial of restoration was arbitrary and capricious.  Her

pleading includes an allegation that the agency's actions were "unwarranted, harsh, capricious, and punitive in nature." *Id*. at 5. However, she failed to assert any facts in support of the allegation. Further, although she alleged that the agency violated the applicable collective bargaining agreement, she did not identify any restoration obligation contained therein that the agency violated or explain how it did so. PFR File, Tab 1 at 6; IAF, Tab 1 at 5. Without the assertion of pertinent facts, the appellant merely presented pro forma allegations that the agency's denial was arbitrary and capricious. Therefore, she failed to satisfy her jurisdictional burden. *See Bledsoe*, 659 F.3d at 1100, 1104–06 (finding that an appellant failed to meet her jurisdictional burden concerning the fourth element because "she did not identify any vacant position which was available within her commuting area and which she was able to perform" or otherwise "make a non‑frivolous allegation that the Postal Service acted arbitrarily and capriciously in not restoring her"); *cf. Manning v. U.S. Postal Service*, 118 M.S.P.R. 313, ¶ 11 (2012) (finding that an appellant met the nonfrivolous standard for the fourth jurisdictional element where it appeared that the agency denied restoration under the mistaken belief that the appellant was not entitled to OWCP benefits); *Chang v. U.S. Postal Service*, 114 M.S.P.R. 258, ¶¶ 10-11 (2010) (finding that, despite the inadequate submissions of the appellant, the agency's own evidence showed that it may have failed to search the entire local commuting area as required by 5 C.F.R. § 353.301(d), satisfying the fourth jurisdictional element); *Tat v. U.S. Postal Service*, 109 M.S.P.R. 562, ¶ 18 (2008) (finding that an appellant met the nonfrivolous standard for the fourth jurisdictional element because the agency denied his request for restoration for the stated reason that he did not have a compensable injury even though OWCP found that his medical condition was compensable).

<u>The administrative judge's dismissal on jurisdictional grounds did not amount to an improper dismissal for failure to prosecute.</u>

¶11   The appellant also argues that the administrative judge's dismissal on jurisdictional grounds amounted to a premature and improper dismissal for failure to prosecute.  PFR File, Tab 1 at 4–5.  In concert with that argument, the appellant's attorney has presented an explanation for why he did not respond to the jurisdictional order below.  *Id*. at 2–3.  We find that the arguments and assertions provide no basis for disturbing the initial decision.

¶12   As an initial matter, we note that the explanations for the appellant's failure to respond to the jurisdictional order below are unavailing.  In his unsworn brief, the appellant's representative attributes his failure to respond to a number of factors including a death in his family, the Thanksgiving holiday, and a busy workload preparing for a hearing in another Board appeal.[3]  *Id*. at 2–3.  The agency responded, in part, with argument and supportive evidence that the parties had settled the other appeal the appellant's representative identified, eliminating the need to prepare for a hearing in that case.  *Compare id*. at 3, *with* PFR File, Tab 3 at 5, 17–19.  The appellant did not reply to this argument and evidence.

¶13   Even if the appellant's representative were busy preparing for another case, the Board has held that a heavy workload does not establish good cause for a late filing.  *Andre v. Department of the Army*, 91 M.S.P.R. 342, ¶ 8 (2002).  The Board also has recognized that holidays and other competing time demands do not constitute good cause for an untimely filing.  *Melendez v. Department of Homeland Security*, 112 M.S.P.R. 51, ¶ 14 (2009); *cf. Passes v. Department of the Interior*, 100 M.S.P.R. 33, ¶ 7 (2005) (finding that the unavailability of an

---

[3] The appellant's representative states at one point that he was preparing for two hearings, but only identified one appeal.  PFR File, Tab 1 at 3.

appellant's representative did not establish good cause for untimely filing a petition for review). Accordingly, the explanations provided for the appellant's failure to respond to the administrative judge's jurisdictional order do not warrant a different result.

¶14      For her argument that the administrative judge's dismissal on jurisdictional grounds amounted to a premature and improper dismissal for failure to prosecute, the appellant attempts to analogize the current situation to that of *Bilandzich v. Department of the Army*, 111 M.S.P.R. 301 (2009). PFR File, Tab 1 at 4. The appellant in that case filed an appeal under the Uniformed Services Employment and Reemployment Rights Act of 1994 (codified at 38 U.S.C. §§ 4301-4333) (USERRA), which, in relevant part, protects members of the uniformed service from employment discrimination, alleging that his employing agency had improperly charged him military leave for uniformed service performed on non‑workdays, causing him to use other leave to perform military duty. *Bilandzich*, 111 M.S.P.R. 301, ¶ 2. The administrative judge issued an acknowledgment order, noting that a person's entitlement to USERRA benefits by reason of prior military service may terminate if any of a number of intervening events occur, directing the appellant to respond by addressing whether any of those events applied to his service. *Id*., ¶ 3. Although the appellant responded to a separate motion to dismiss from the agency, he failed to address the matter raised in the acknowledgment order. *Id*. Without issuing any further orders, the administrative judge dismissed the appeal for lack of jurisdiction. *Id*., ¶ 4. On review, the Board reversed. *Id*., ¶¶ 7–9. The Board found that the dismissal for lack of jurisdiction was, in essence, a dismissal for failure to prosecute. *Id*., ¶ 7. In doing so, the Board noted that the appellant had met his jurisdictional burden, which, in the context of a USERRA appeal, unconditionally entitled him to a Board hearing, despite his failure to respond to the administrative judge's acknowledgment order. *Id*., ¶¶ 7–9.

¶15     Contrary to the appellant's arguments, *Bilandzich* is not dispositive in the instant appeal; it is distinguishable from the facts at hand. First, this case does not involve a USERRA claim. Second, unlike the appellant in *Bilandzich*, the appellant in this matter did not meet her jurisdictional burden. Because the appellant failed to meet her jurisdictional burden, despite being ordered to do so, the administrative judge's dismissal on jurisdictional grounds was proper. We decline to adopt a standard requiring that administrative judges respond to an appellant's failure to meet her jurisdictional burden with a second opportunity to meet that burden.

The administrative judge did not improperly deny the appellant the opportunity to conduct discovery.

¶16     The appellant's final argument is that the administrative judge erred by not allowing her to conduct discovery prior to dismissing the appeal for lack of jurisdiction. PFR File, Tab 1 at 7. However, the administrative judge's acknowledgment order provided basic discovery instructions to the appellant and referred her to the applicable regulations. IAF, Tab 2 at 3 (citing 5 C.F.R. §§ 1201.71-1201.85). Those basic instructions and the corresponding regulations both reflect an expectation that the parties will start and complete discovery with minimum Board intervention. IAF, Tab 2 at 3; 5 C.F.R. § 1201.71; *see King v. Department of the Navy*, 98 M.S.P.R. 547, ¶ 10 (2005) (recognizing that a party does not need the Board's approval to engage in discovery, and the Board generally only becomes involved in discovery matters if a party files a motion to compel), *aff'd*, 167 F. App'x 191 (Fed. Cir. 2006); *see also* 5 C.F.R. § 1201.73(c)(1), (d)(3) (containing instructions and time limits for filing a motion to compel). Accordingly, we find that, while the appellant is correct in suggesting that she was entitled to engage in discovery, her failure to avail herself of that opportunity is not attributable to the administrative judge.

## ORDER

This is the final decision of the Merit Systems Protection Board in this appeal.  Title 5 of the Code of Federal Regulations, section 1201.113(c) (5 C.F.R. § 1201.113(c)).

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode/htm.  Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:


_____
Jennifer Everling
Acting Clerk of the Board
Washington, D.C.